7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

MAY 20 2010

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

CRIMINAL NO. 09-20295

-vs-

HON. MARIANNE O. BATTANI

OFFENSE: 26 U.S.C. § 7207

STATUTORY MAXIMUM PENALTIES:

D-2    MARY WATERS,

Up to 1 year in prison
Up to $10,000 fine
Up to 1 year of Supervised Release

Defendant.

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Mary Waters and

the government agree as follows:

1.    **GUILTY PLEA**

    **A.**    **Count of Conviction**

    Defendant will enter a plea of guilty to **Count 1** of the Fourth Superseding Information,

which charges the defendant with filing a fraudulent tax return, and for which the penalty is a

maximum of up to one year imprisonment, a maximum fine of up to $10,000, a special assessment

of $25, and up to one year of supervised release.

    **B.**    **Elements of Offense**

    The elements of the offense that the government would need to prove beyond a reasonable

doubt at trial are:

Count One:  In the Eastern District of Michigan, the defendant:  (1) willfully; (2) delivered a tax return to the Secretary of the Treasury or the Internal Revenue Service; (3) known by her to be false; and (4) as to a material matter.

C.     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

On April 15, 2009, in the Eastern District of Michigan, the defendant filed her income tax return for the year 2008 with the Internal Revenue Service.  The defendant's return was false in that it did not reflect income that the defendant had earned in February 2008.  On her tax return, the defendant did not report that she had received a Ladies' Rolex Watch in February 2008 from ~~Thomas~~ Son Riddle as compensation for work defendant had done for LaBret and Riddle, ~~LaBret, the owner of Zeidman's Jewelry and Loan.  LaBret had given the watch to the defendant as compensation for work that the defendant had done for LaBret.~~

2.     **SENTENCING GUIDELINES**

A.     **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.     **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **0 to 6 months**.  If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer;

otherwise demonstrated a lack of acceptance of responsibility for her offense; or

obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **0 to 6 months**, the higher guideline

range becomes the agreed range. However, if the Court finds that defendant is a career offender, an

armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing

guidelines or other federal law, and that finding is not already reflected in the attached worksheets,

this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than

any position of that party as reflected in the attached worksheets, except as necessary to the Court's

determination regarding subsections a) and b), above.

3.   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must

consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment

in this case may not exceed the bottom of the sentencing guideline range as determined by Paragraph

2B.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no

agreement on supervised release. In other words, the Court may impose any term of supervised

release up to the statutory maximum term, which in this case is **1 year**. The agreement concerning

imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

    **C.**    <u>**Special Assessment**</u>

Defendant will pay a special assessment of **$25** and must provide the government with a receipt for the payment before sentence is imposed.

    **D.**    <u>**Fine**</u>

The Court may impose a fine on each count of conviction in any amount up to **$10,000**.

    **E.**    <u>**Restitution**</u>

Restitution is not applicable to this case.

    **F.**    <u>**Forfeiture**</u>

As part of her overall agreement in resolution of this matter, Defendant agrees, within 14 days of her plea, to turn over to the United States the Ladies' Rolex Watch valued at approximately $6,000 which she received in or around February 2008. Defendant acknowledges she will be giving up her right, title and interest in the watch, and further agrees she will not file a claim to, or otherwise contest the administrative or civil forfeiture of the Rolex watch. Defendant acknowledges that the watch will be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

**4.**    <u>**OTHER CHARGES**</u>

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct relating to the Fourth Superseding Information. The government also will dismiss the Second Superseding Indictment pending against the defendant in this action at the time of sentencing.

- 4 -

5.      **Each Party's Right To Withdraw From This Agreement**

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence of imprisonment. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

6.      **WAIVER OF RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right she has to appeal her conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7.      **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.    **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.    **CASE RESOLVING NATURE OF PLEA AGREEMENT**

The defendant acknowledges and agrees that this plea agreement is part of a case-resolving, multi-defendant plea agreement that is conditioned upon the entry of a guilty plea by defendant Samuel L. Riddle, Jr., under the terms of his individual written plea agreement. Should Samuel L. Riddle, Jr. not enter a guilty plea in accordance with the plea offer made to him by the government in the form of a proposed written plea agreement, the defendant's plea agreement, i.e., the agreement set out in this document, will become null and void in its entirety, at the sole and unilateral election of the United States.

10.    **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

**11.**   **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on May 20, 2010.  The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
*United States Attorney*

KATHRYN MCCARTHY
*Assistant United States Attorney*
*Chief, Special Prosecutions Unit*

ROBERT CARES
*Assistant United States Attorney*

DAVID GARDEY
*Assistant United States Attorney*

Date: 5-20-10

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms.  She also acknowledges that she is satisfied with her attorney's advice and representation.  Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.

RICHARD CONVERTNO
*Attorney for Defendant*

MARY WATERS
*Defendant*

Date:

- 7 -