**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARY WATERS,

        Petitioner,

                                            CASE NO. 2:09-cr-20295

v.

                                            HON. MARIANNE O. BATTANI

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO
VACATE BY WAY OF WRIT OF ERROR CORUM NOBIS AND
<u>DENYING LEAVE TO FILE AMICUS CURIAE BRIEF</u>**

Petitioner Mary Waters pleaded guilty to filing a false tax return in 2010, a misdemeanor under federal law. Her plea was conditioned on her co-defendant, Sam Riddle, pleading guilty to separate charges. During the proceedings, Waters and Riddle were represented by the same attorney. Three years later, Waters filed the instant motion arguing that a conflict of interest tainted her attorney's representation during plea negotiations. She seeks relief under a writ of error coram nobis, a remedy used by courts in extraordinary circumstances, to vacate her conviction. Her attorney, Richard Convertino, also seeks leave of the Court to file his amicus curiae brief in this matter. For the reasons stated below, Waters' motion for writ of error coram nobis is **DENIED** and Convertino's motion for leave to file his amicus brief is also **DENIED**.

**I.    STATEMENT OF FACTS**

Petitioner Mary Waters and Sam Riddle lived together and worked in the Detroit political scene. Riddle served as Chief of Staff for Detroit city council member Monica

Conyers, and Waters worked for the Wayne County Prosecutor's Office, but also worked as a political consultant. On July 15, 2009, Waters and Riddle were indicted for conspiracy to bribe Southfield city council member William Lattimore from April 2007 to May 2008. The bribes concerned obtaining city council approval for the relocation of a jewelry store on behalf of its owner. Lattimore received thousands of dollars in exchange for his vote to approve the relocation. In addition to cash, Riddle received a Breitling watch worth $5,500 from the owner of the jewelry store. Waters received a Rolex watch worth $6,000 for her efforts. In addition to the July 15 indictment, Riddle was indicted on a separate bribery and extortion conspiracy with Monica Conyers before United States District Judge Avern Cohn.

During the pre-trial matters, Waters was represented by Richard Convertino and Riddle was represented by John McManus. However, on March 9, 2010, Convertino began representing Riddle in the separate Monica Conyers bribery and extortion case before Judge Cohn. As a result of the potential conflicts of interest, the government filed a motion for attorney disqualification. A joint hearing with this Court and Judge Cohn was held on March 24, 2010, at which Waters waived any potential conflicts. At the hearing, Waters stated, "I trust Mr. Convertino completely that he would not do anything to hurt me." (Doc. 50 at 35). She indicated that she understood that potential conflicts may arise and that "I am totally aware of those and I'm willing to take that risk." (Id. at 39). Waters also represented to the Court that she consulted with another attorney regarding the potential conflict. (Id. at 30). In a written memorandum, the Court found that Convertino could continue representing Waters based on her voluntary and intelligent waiver of "her right to conflict-free representation." (Doc. 56).

On May 20, 2010, the government filed a fourth superseding information charging Waters with one count of filing a false federal income tax return in 2008, the year she received the Rolex watch. That same day, Waters entered into a Rule 11 plea agreement in which she agreed to plead guilty to the false tax return charge in exchange for dismissal of the other charges. Waters admitted to accepting the watch and failing to report it on her 2008 tax return. Accompanied by McManus, Riddle pleaded guilty in accordance with a separate Rule 11 plea agreement to bribing Lattimore and also to bribery and extortion in the separate matter before Judge Cohn. All of the pleas were contingent upon each party pleading guilty to their respective plea agreements in each case.

On June 7, 2010, Convertino notified the Court that he would represent Riddle during sentencing. During the sentencing hearing on October 6, 2010, Convertino represented both Waters and Riddle. In accordance with the Rule 11 plea agreement, Waters received one year of probation. In addition, the Court waived any criminal fines. A week later, Waters appealed the conviction, but was later denied by the Sixth Circuit.

Waters now seeks to set aside the judgment of conviction pursuant to writ of error coram nobis, arguing ineffective assistance of counsel based on conflict of interest. Convertino then filed a motion for leave to file his amicus curiae brief to dispel any untruthful allegations regarding his representation of Waters and Riddle. However, because the Court need not reach the merits of Waters' motion, Convertino's brief is not "necessary to the administration of justice," and his motion is denied. See United States v. State of Michigan, 940 F.2d 143, 165 (6th Cir. 1991) ("Classical participation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege

3

within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice.") (internal quotations and citations omitted).

## II. STANDARD OF REVIEW

"The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable – generally, when the petitioner has served [her] sentence completely and thus is no longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). Only errors "of the most fundamental character" may be reviewed under the writ. United States v. Mayer, 235 U.S. 55, 69 (1914). The petitioner must show: "(1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding had it been known." Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir. 1984) (per curiam). In addition, most federal appellate courts require that the petitioner show that the invalid conviction results in an ongoing civil disability. See Blanton, 94 F.3d at 233 (noting that the First, Second, Third, Fifth, Seventh, and Eighth Circuit Courts of Appeals require such a showing).

Similar to petitions for relief under 28 U.S.C. § 2255, coram nobis proceedings generally require an evidentiary hearing. Blanton, 94 F.3d at 235. However, a hearing is not required when "the record conclusively shows that the petitioner is entitled to no relief." Id. (citing Fontaine v. United States, 411 U.S. 213, 215 (1973)). Here, the Court finds that the record conclusively demonstrates that Waters is not entitled to relief, and thus no evidentiary hearing is necessary to resolve the instant motion.

## III. ANALYSIS

Waters argues she received ineffective assistance of counsel because Convertino repeatedly assured her that a federal misdemeanor conviction could be expunged when advising her to accept the Rule 11 plea agreement. She claims that this affected her decision to plead guilty; otherwise, she would have proceeded to trial because a misdemeanor conviction affects employment opportunities and carries a "stigma." She asserts Convertino did not file objections to any pre-sentence pleadings and made no objections during her sentencing, but vigorously represented Riddle during his sentencing. Last, she argues that the Court should have conducted another waiver of conflict hearing when Convertino began representing Riddle in the sentencing phase of this case. However, the Court declines to reach the merits of Waters' claim.

The Supreme Court has noted that "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.'" Carlisle v. United States, 517 U.S. 416, 439 (6th Cir. 1996) (bracketed material in original) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)). The writ is granted only in extraordinary circumstances and requires that the petitioner allege an ongoing civil disability. Blanton v. United States, 896 F. Supp. 1451, 1456 (M.D. Tenn. 1995). To demonstrate an ongoing civil disability, the petitioner must satisfy three elements: "(1) the disability must be causing a present harm; purely speculative harms or harms in the past are insufficient, (2) the disability must arise out of an erroneous conviction, and (3) the potential harm must be more than incidental." Id. (citing United States v. Craig, 907 F.2d 653, 658 (7th Cir. 1990)). These include losing the right to vote, denial of occupational licenses, denial of right to bear arms, or receiving an

5

enhanced sentence. Id. Fines or stigma associated with a conviction do not suffice. Id. (citing United States v. Bush, 888 F.2d 1145, 1148 (7th Cir. 1989)).

Although the Sixth Circuit has not decided whether a coram nobis petitioner must allege an ongoing civil disability, this Court agrees with the district court in Blanton that such a requirement "is not inconsistent with the Sixth Circuit's prior treatment of error coram nobis petitions." Id. Therefore, it is not necessary to address the ineffective assistance of counsel claim because Waters did not demonstrate any ongoing civil disability resulting from her allegedly wrongful conviction sufficient to invoke the writ. Instead, she claims that she cannot find a comparable job to that which she had prior "due to the stigma" attached to her conviction. She also asserts that the conviction prevents her from running for political office and that the "public has judged [her] harshly."

None of the above alleged civil disabilities suffice. Waters argues nothing more than reputational harm arising out her conviction. The fact that she cannot obtain a job with the same salary as her previous job is of no consequence. Waters points to no evidence that a candidate with a misdemeanor conviction is precluded from running for state political office in Michigan. Although the stigma that now follows her may prevent voters from viewing her as a worthy candidate, this is not the type of "concrete threat that . . . causes the petitioner serious harm." Blanton, 896 F. Supp. at 1456 n.10 (citing Craig, 907 F.2d at 658)). These injuries are incidental to the conviction, and given the large amount of media coverage, Waters would likely have received a stigma just for her alleged involvement in the conspiracy. Consequently, because Waters cannot show

"an ongoing civil disability above and beyond the normal and incidental effects of being convicted," a writ of error coram nobis is inappropriate.

## IV. CONCLUSION

Accordingly, Waters' motion for writ of error coram nobis is **DENIED** and Convertino's motion for leave to file his amicus brief is also **DENIED**.

**IT IS SO ORDERED.**

                s/Marianne O. Battani
                MARIANNE O. BATTANI
                UNITED STATES DISTRICT JUDGE

DATE: April 15, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner/Defendant, Mary Waters, and Counsel for the Respondent/Plaintiff via ordinary U.S. Mail and/or electronically.

                s/Bernadette M. Thebolt
                Case Manager